### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES E. POE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-04-0912-HE |
| ) | |
| RON WARD, ET AL., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Charles Edward Poe, a state prisoner appearing pro se, instituted this action pursuant to 42 U.S.C. § 1983, alleging the defendants deprived him of property without due process, were deliberately indifferent to his serious medical needs and committed other violations of his constitutional rights. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo, who has issued his Report and Recommendation recommending that the motion to dismiss filed by defendants Ward, Guilfoyle, Klingler, Cotner, Kirby and Hines[1] be granted due to lack of complete exhaustion of administrative remedies. The magistrate judge found that, while the plaintiff had exhausted his due process claim related to his confiscated and destroyed gold crown, he had not pursued any grievance related to an equal protection, deliberate indifference to a serious medical need, access to the courts or negligence claim. The magistrate judge suggested the complaint be dismissed without prejudice unless the

---

[1]*Defendants Susan Milan, Lindsey Sharp. John Doe, dentist and Jane Doe, dental assistant also were served but did not join in the motion to dismiss. The remaining named defendants were not served.*

plaintiff amends his complaint to assert only the exhausted claim.

The plaintiff has filed an objection, contending he also grieved his claim pertaining to the denial or delayed provision of dental care. He asserts this claim was raised in his initial grievance, Grievance No. 2002-65 ("Grievance #65"), dated September 2, 2002, which prison officials changed to Grievance No. 2002-69 (Grievance #69). However, as noted by the magistrate judge, Grievance #65 was returned to the plaintiff with a Memorandum on September 10, 2002, "due to an error in the paperwork" and was not appealed.[2] Grievance #65 also was not renumbered.[3] The plaintiff filed a second grievance, Grievance #69, on September 16, 2002, which mentioned that he was waiting to have his tooth repaired, but sought reimbursement for his lost or destroyed property – his diamond-studded gold crown.[4] Grievance #69 was initially denied, then appealed and sent to the medical services administrator, returned to the plaintiff for procedural defects and, after being resubmitted, returned with the statement that "[t]he nature of your

---

[2]*Warden Reginald D. Hines sent the plaintiff a form Memorandum dated September 10, 2002, which states that his grievance was being returned due to a paperwork error.*

[3]*Although the plaintiff states in the grievance that he had been placed on a priority list at two different facilities to have his crown repaired and that had not yet occurred, the focus of his grievance is his request to be reimbursed for his "gold crown with diamond."*

[4]*The plaintiff did not mention in either grievance that he was suffering from the delayed repair of his tooth but rather states, in Grievance #69, that he had submitted Requests to Staff, "for reimbursement for the cost of my crown" and "requesting to be compensated (or reimbursement) for property lost or destroyed." See also 7-25-02 Request to Staff ("I'm asking for my gold crown back so I can send it home or pay for my gold crown (if lost)."). The plaintiff's subsequent complaints during the grievance process about the delayed dental care are isolated and insufficient to alert the defendants that the plaintiff is attempting to grieve a medical claim. While the Notice of Claim dated December 3, 2003, alleges pain and suffering resulting from inadequate dental care, it was sent <u>after</u> the final ruling regarding the plaintiff's grievance.*

complaint involves a property issue. It is not a medical issue." The plaintiff then sent his appeal to the administrative review authority, stating that his "complaint involves personal property" and was "not a medical issue." As noted by the magistrate judge, the plaintiff never asserted that his grievance had been improperly characterized as a property, rather than a medical, issue.

The plaintiff subsequently sent a letter to defendant Guilfoyle dated October 17, 2003, complaining about the dental treatment he had received. She responded on November 4, 2003, stating that the ruling of the administrative review authority pertaining to his property claim was final and that if the plaintiff had concerns about the dental work that had been done he needed to file a grievance in accordance with OP-09124, the Inmate/Offender Grievance Process, with any appeal directed towards the medical services division. The record does not reflect that the plaintiff proceeded to file such a grievance.

The court concurs with Magistrate Judge Argo that the plaintiff only exhausted his due process claim and adopts the Report and Recommendation. The defendant's motion to dismiss [Doc. #22][5] is granted. This action will be dismissed without prejudice unless the plaintiff amends his complaint to allege only his exhausted claim pertaining to the confiscation and destruction of his gold, diamond-studded crown.[6] The plaintiff's

---

[5]*The defendants had requested summary judgment as alternative relief.*

[6]*Because of the lack of complete exhaustion, the court will sua sponte dismiss the plaintiff's claims against the remaining defendants.*

motions for temporary restraining order and/or preliminary injunction [Doc. #12] and request for judicial notice [Doc. #16] are denied,[7] as is the plaintiff's renewed request for appointed counsel in his objection.

**IT IS SO ORDERED**.

Dated this 6th day of September, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[7] *The plaintiff did not challenge the magistrate judge's recommended disposition of these motions.*