## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHARLES EDWARD POE,      )
                        )
              Plaintiff,     )
                        )
vs.                     )     **Case No. CIV-04-912-HE**
                        )
RON WARD, et al.,         )
                        )
            Defendants.    )

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Joe Heaton, the matter has been re-referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants Ward, Guilfoyle, Cotner, Hines, Milan, John Doe (Dentist), and Jane Doe (Dental Assistant) have filed a motion to dismiss or alternatively motion for summary judgment with regard to Plaintiff's Third Amended Complaint.[1] Plaintiff has filed a response. Thus, the motion is at issue and ready for disposition. A special report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) has also been filed. For the reasons set forth below, the undersigned recommends that Defendants' motion to dismiss be granted.

Plaintiff initially filed this action on July 21, 2004, alleging that while he was incarcerated at the Oklahoma State Reformatory, his gold crown containing a diamond was knocked out accidentally during a basketball game on May 15, 1997. He alleged that

---

[1]In addition to these Defendants, the Plaintiff also names Jimmy Green, Barbara Wilson, Patti Raspberry, Teri Newkirk, and Sgt. Joe Hensley as Defendants. The court file does not reflect that these Defendants have ever been served or have entered an appearance.

he repeatedly sought to have the crown reinserted, only to have it confiscated on May 26, 2002, and eventually destroyed as contraband while he was incarcerated at the Lexington Correctional Center.  Plaintiff brought claims under the Fifth, Eighth and Fourteenth Amendments seeking compensatory and punitive damages for the confiscation and destruction of his gold crown with a diamond chip.  He also alleged that the Defendants were deliberately indifferent to his medical needs regarding the loss of his dental crown because he was forced to endure months with an exposed root, despite repeated requests for dental treatment.  The Defendants who had been served filed a motion to dismiss or alternative motion for summary judgment arguing first that the complaint had to be dismissed as Plaintiff had not exhausted his administrative remedies on all claims.

On July 13, 2005, the undersigned issued a Report and Recommendation wherein it was recommended that the motion to dismiss filed by the Defendants be granted because Plaintiff had failed to exhaust his administrative remedies with regard to his claims under the Eighth Amendment for the alleged denial of dental care.  On September 6, 2005, Judge Heaton adopted the Report and Recommendation, finding that Plaintiff had only exhausted his due process claim relating to the confiscation and destruction of his gold diamond-studded crown as the undersigned concluded in the July 13, 2005 Report and Recommendation.  Judge Heaton further specified that the case would be dismissed unless Plaintiff amended the complaint "to allege only his exhausted claim pertaining to the confiscation and destruction of his gold, diamond-studded crown." Order of September 6, 2005, p. 3.

On October 3, 2005, Plaintiff filed an amended complaint that included a hodge-podge of claims and that clearly exceeded the scope of the amendment permitted by Judge Heaton's order.  In the amended complaint, Plaintiff alleged a conspiracy and asserted a claim that in violation of his constitutional rights, his filing fee was removed from the mail.  Plaintiff also intimated to a claim of deliberate indifference to his medical needs.  The Defendants filed a motion to strike the amended complaint, arguing that the amended complaint greatly exceeded the scope for which Plaintiff was granted leave to amend.  The motion to strike was granted and the amended complaint was ordered stricken by the undersigned in an order dated October 25, 2005.  In that order, it was noted that the claim that was to be presented in the amended complaint should be clear to all parties and it involved the Plaintiff's contention that his gold crown was improperly confiscated and destroyed and that he did not receive sufficient compensation.

On November 16, 2005, Plaintiff filed his second amended complaint.  The Defendants again filed a motion to strike correctly arguing that the complaint exceeded the scope of the permissible amendment.  Despite the earlier orders by Judge Heaton and the undersigned, Plaintiff's second amended complaint contained only one change from the first amended complaint.  Therefore, in an order entered December 28, 2005, the undersigned granted the motion to strike and struck the Plaintiff's second amended complaint.  Plaintiff was granted leave to file a third amended complaint no later than January 14, 2006, which was not to exceed the scope of Judge Heaton's September 6, 2005 order.  In that order, the undersigned noted that Plaintiff's inability to pare his claims down to comply with Judge Heaton's order appeared to be a function of his

inability to accept the Court's prior rulings rather than being due to his pro se status.  The undersigned cautioned Plaintiff that his third amended complaint must contain only his fully exhausted claim as set forth by Judge Heaton against the appropriate Defendants. Plaintiff was warned that his failure to comply could result in dismissal of the action without prejudice to refiling.

Plaintiff filed his third amended complaint on January 27, 2006 and as noted, the Defendants have moved to dismiss or alternatively have moved for summary judgment. For the reasons set forth herein, the undersigned recommends that the third amended complaint be dismissed without prejudice to refiling due to Plaintiff's failure to file an amended complaint containing only his exhausted claim.

As noted in the Report and Recommendation entered on July 13, 2005, the Tenth Circuit requires that a prisoner who seeks relief under 42 U.S.C. § 1983 allege total exhaustion of administrative remedies.  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004); Ross v. County of Bernallilo, 365 F.3d 1181, 1189-90 (10th Cir. 2004).

In his third amended complaint, Plaintiff alleges the same claims against the same Defendants that he did in both his first and second amended complaints.  His claims far exceed the limits established by Judge Heaton's September 6, 2005 order.  For example, Plaintiff includes claims against the dentist and dental assistant that are in no way related to the confiscation of his gold crown by a correctional officer and the subsequent

destruction of the crown as contraband.  He also alleges a conspiracy to deprive him of his filing fees and to thwart his access to the court.[2]

Plaintiff has been given more than ample opportunity to submit an amended complaint containing only his exhausted claim and he has been specifically advised that the only claim properly before the Court concerns the confiscation of his gold, diamond-studded crown and its subsequent destruction as contraband.  Thus, it is recommended that the complaint be dismissed without prejudice to refiling as it contains both exhausted and unexhausted claims.

In light of this recommendation, it is also recommended that Plaintiff's motion for appointment of counsel [Doc. No. 51] be denied.

## RECOMMENDATION

For the reasons set forth above, it is recommended that the motion to dismiss of Defendants Ward, Guilfoyle, Klingler, Cotner, Hines, Milan, John Doe (Dentist) and Jane Doe (Dental Assistant), be granted, and that Plaintiff's third amended complaint be dismissed without prejudice to refiling as it fails to comply with Judge Heaton's September 6, 2005 order and contains both exhausted and unexhausted claims.  The undersigned further recommends denial of Plaintiff's motion to appoint counsel [Doc. No. 51].   Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 24, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make

[2]The undersigned makes no finding as to whether this claim, which necessarily was not part of the original complaint, has been exhausted.  This claim, premised on Defendants' alleged actions during the course of this litigation, was not part of the original complaint, the July 13, 2005 Report and Recommendation or Judge Heaton's September 6, 2005 order.

timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

IT IS SO ORDERED this 4th day of May, 2006.


_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE